```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                              **CRIMINAL NO. 1:12CR11**
                                    **CIVIL NO. 1:14CV213**
                                           **(Judge Keeley)**

**TARVISH LEVITICUS DUNHAM,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

Pending before the Court are three motions filed by the pro se defendant, Tarvish Leviticus Dunham ("Dunham"), seeking a certificate of appealability for his denied petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Dkt. No. 209; Civil No. 1:14CV213, Dkt. No. 69), the vacation of his sentence due to alleged fraud upon the Court (Dkt. No. 212),[1] and discovery (Dkt. No. 213). For the reasons that follow, the Court **DENIES** Dunham's motions.

### I. BACKGROUND

In February 2012, Dunham was indicted on seven counts related to his alleged assault of employees at United States Penitentiary Hazelton (Dkt. No. 1). The Government subsequently obtained a nine-count superseding indictment in December 2012 (Dkt. No. 16).

---

[1] All docket references are to Criminal No. 1:12CR11 unless otherwise noted.

**US V. DUNHAM** **1:12CR11**
**1:14CV213**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

Following a five-day trial in January 2013, a jury convicted Dunham on six of the nine counts (Dkt. No. 70).

On September 5, 2013, the Court sentenced Dunham to a total term of incarceration of 240 months, followed by 3 years of supervised release (Dkt. No. 90). On appeal, Dunham contended that the Court had abused its discretion by limiting the scope of his attorney's cross-examination of a special investigative agent, and by denying his motion for a new trial. The Fourth Circuit affirmed Dunham's conviction and sentence on May 28, 2014 (Dkt. No. 112).

On December 14, 2014, Dunham filed a pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, seeking to vacate his sentence on a claim of ineffective assistance of counsel (Dkt. No. 116). After reviewing a Report and Recommendation ("R&R") from the magistrate judge, (Dkt. No. 171), the Court dismissed his petition (Dkt. No. 174). Dunham appealed this decision and the Fourth Circuit dismissed it as untimely on May 26, 2017 (Dkt. No. 181).

On July 5, 2018, Dunham moved for immediate release and, thereafter, on August 9, 2018, sought an order requiring the Government to show cause why this motion had not been addressed

**US V. DUNHAM** 1:12CR11
1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

(Dkt. Nos. 186, 187). The Court denied these motions on August 16, 2018 (Dkt. No. 188).

On November 26, 2018, Dunham moved for the production of photographs, employment records, and the grand jury transcript, which the Court denied the same day (Dkt. Nos. 192, 193). On July 19, 2019, Dunham moved for relief pursuant to Rule 60(a)[sic](b)(6) of the Federal Rules of Civil Procedure, alleging fraud upon the Court (Dkt. No. 197). On July 30, 2019, the Court denied Dunham's motion without prejudice to his right to seek authorization from the Fourth Circuit pursuant to § 2255(h) (Dkt. No. 198). Dunham noticed his appeal on August 12, 2019 (Dkt. No. 200).

On February 24, 2020, the United States Court of Appeals for the Fourth Circuit affirmed the Court's judgment (Dkt. No. 206). On April 23, 2020, Dunham sought a certificate of appealability from this Court (Dkt. No. 209). On April 27, 2020, the Fourth Circuit denied Dunham's motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255 (Dkt. No. 210).

Nevertheless, Dunham persisted in his efforts and, on June 16, 2020, again moved to vacate his sentence pursuant to Rule 60(b)(6)(a)[sic] of the Federal Rules of Civil Procedure (Dkt. No.

**US V. DUNHAM** 1:12CR11
1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

212). Almost one year later, on May 20, 2021, he moved for the production of his victim's medical records (Dkt. No. 213). The Court addresses each of Dunham's pending motions in turn.

## II. ANALYSIS

### A. Motion for Certificate of Appealability (Dkt. No. 209; Civil No. 1:14CV213, Dkt. No. 69)

Dunham seeks a certificate of appealability based on his allegation that the Court did not address his contention that his counsel failed to investigate whether his victim was under the influence of narcotics at the time he assaulted her (Dkt. No. 209; Civil No. 1:14CV213, Dkt. No. 69)). Under the controlling authority, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). To satisfy this standard, a petitioner must demonstrate that reasonable jurists would find any assessment of the constitutional claims or dispositive procedural rulings made by the Court wrong or debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

US V. DUNHAM                                                1:12CR11
                                                            1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

Critically, Dunham failed to object to the R&R (Dkt. No. 171). Thus, following appropriate review, the Court adopted it (Dkt. No. 174). Consequently, Dunham has failed to make the requisite showing that his constitutional rights were denied. The Court therefore **DENIES** his motion for a certificate of appealability (Dkt. No. 209; Civil No. 1:14CV213, Dkt. No. 69).

**B.    Rule 60(b)(6) Motion (Dkt. No. 212)**

Although Dunham cites "Rule 60(b)(6)(a) [sic] Fraud Upon the Court" as the legal basis for his motion, he does not identify from which order he seeks relief (Dkt. No. 212).[2] Because he already is seeking to overturn his convictions, the Court construes Dunham's motion as a collateral attack on his conviction and sentence pursuant to 28 U.S.C. § 2255(a).

Under § 2255, a prisoner may move the sentencing court to vacate, set aside, or correct his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

[2] The Court notes that it denied Dunham's previous motion made pursuant to Rule 60 of the Federal Rules of Civil Procedure, which sought dismissal of the superseding indictment (Dkt. Nos. 197, 198).

5

US V. DUNHAM 1:12CR11
1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

maximum authorized by law, or is otherwise subject to collateral attack."

Second or successive motions under § 2255 must be certified by a court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Id. § 2255(h). But "not every numerically second petition is a 'second or successive' petition." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (quoting In re Williams, 444 F.3d 233, 235 (4th Cir. 2006)). "[A] numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant . . . did not exist when the numerically first motion was filed and adjudicated." Id.

Here, Dunham's motion is second and successive under § 2255 because he seeks relief based only on events that took place before or during his criminal trial in January 2013. In other words, the

6

**US V. DUNHAM** 1:12CR11
1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

facts on which Dunham relies existed at the time that his "numerically first motion was filed and adjudicated." Id. Consequently, the Court lacks jurisdiction to entertain the pending motion unless the Fourth Circuit approves the motion pursuant to § 2255(h). In re Hubbard, 825 F.3d 225, 228 (4th Cir. 2016).

**C.  Motion for Discovery (Dkt. No. 213)**

Because the Court has disposed of all pending motions in Dunham's case, discovery is not warranted. See United States v. Tucker, 2015 WL 11117145 at *2, Criminal No. 2:09CR182 (E.D. Va. July 30, 2015). Dunham's motion for discovery therefore is **DENIED AS MOOT** (Dkt. No. 213).

### III. CONCLUSION

For the reasons discussed, the Court **DENIES** Dunham's motion for a certificate of appealability without prejudice to his right to seek authorization from the Fourth Circuit pursuant to § 2255(h) (Dkt. No. 209; Civil No. 1:14CV213, Dkt. No. 69). The Court **DENIES** all other pending motions (Dkt. Nos. 212, 213).

It is so **ORDERED.**

**US V. DUNHAM** 1:12CR11
1:14CV213

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY [DKT. NO.
209; CIVIL NO. 1:14CV213, DKT. NO. 69]; DENYING
DEFENDANT'S SECOND RULE 60(b) MOTION [DKT. NO. 212]; AND
DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT [DKT. NO. 213]**

The Clark **SHALL** transmit this Order to the pro se defendant by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: May 28, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE